UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **JEAN T. KAROPOWICH, et al.,** | : | Civil Action No. 13-6840 (DMC) |
| **Plaintiffs,** | : | |
| v. | : | REPORT & RECOMMENDATION |
| **DIVERSIFIED MATINTENANCE SYSTEMS, et al.,** | : | |
| **Defendants.** | : | |

**CLARK, Magistrate Judge**

This matter having been opened by the Court *sua sponte* during the initial scheduling conference held in this matter on March 13, 2014; and the Court having expressed concern over whether it had subject matter jurisdiction over this action; and the Court having instructed the parties to submit a joint letter on the issue; and the parties having done so, *see* Docket Entry No. 16; and the Court having reviewed and considered the letter; and for the reasons that follow, it is respectfully recommended that this action be REMANDED to state court for lack of subject matter jurisdiction.

**BACKGROUND**

The Complaint in this matter was originally filed in state court on August 14, 2013 by Plaintiffs Jean T. Karpowich and her husband Jay Karpowich ("Plaintiffs") against named Defendants[1] Diversified Maintenance Systems ("DMS") and Lazaro Gonzalez ("Gonzalez"). Plaintiffs allege negligence, as well as loss of consortium associated with a slip and fall at a Kohl's Department Store. *See Compl.*; Docket Entry No. 1-1.   Defendant DMS removed the action to

---

[1] Plaintiffs also plead claims against a fictitious entity (ABC Corporation) and an unknown individual (John Doe).

federal court on November 12, 2013 on the basis of diversity jurisdiction, alleging that Plaintiffs were residents of the State of New Jersey and DMS was a corporation organized under the laws of the State of Florida with a principal place of business at 5110 Eisenhower Boulevard, Suite 250, Tampa, Florida. *See Removal* at ¶5; Docket Entry No. 1.  DMS's removal papers further alleged that Defendant Gonzalez's current address was unknown and that DMS was "unaware of any effort by Plaintiff to serve the Complaint upon [Gonzalez] since same was filed on August 14, 2013." *See id.* at ¶3.

On December 6, 2013, Plaintiffs filed a letter with the Court seeking leave to file a motion to remand, noting that Gonzalez had successfully been served with the summons and complaint and further, that it was discovered that he was a resident of New Jersey. *See* Docket Entry No. 7 at 2.  However, after the Court granted leave, the motion was never filed and indeed, a joint discovery plan was submitted on behalf of all parties on January 14, 2014.  As such, the Court scheduled an initial conference pursuant to Fed.R.Civ.P. 16 and same was held on March 13, 2014. During the hearing the Court inquired as to why the motion was never filed and requested a submission of the parties setting forth the basis of this Court's subject matter jurisdiction. *See Pretrial Scheduling Order* at ¶9; Docket Entry No. 15.

The Court has received the submission of the parties.  In their letter, the parties explain how, at the time of removal, Gonzalez "was not served and his current address was unknown." *See* Docket Entry No. 16 at 1.  As such, the parties submit that subject matter jurisdiction was appropriate at that time. *Id.*  All parties further acknowledge that, since this time, Gonzalez has been served and has answered the complaint.  However, although all parties appear to concede that Gonzalez is currently a citizen of New Jersey, they argue that because "complete diversity

2

existed at the time of the removal, subject matter jurisdiction in this court is still proper." *Id.* at 1-2. As explained in more detail below, the Court is not persuaded by this argument.

## ANALYSIS

Pursuant to the diversity jurisdiction statute:

The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between (1) citizens of different states; (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;   (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties...
28 U.S.C. § 1332(a).

For purposes of diversity jurisdiction, "a proper exercise of federal jurisdiction requires satisfaction of the amount in controversy requirement as well as complete diversity between the parties, that is, every plaintiff must be of diverse state citizenship from every defendant." *In re Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006).   Diversity of citizenship is established by the "facts that existed at the time the complaint was filed." *Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 151 (3d Cir. 2009).   Moreover, the citizenship of fictitious parties such as John Doe or ABC Corporation is disregarded for purposes of determining diversity. 28 U.S.C. § 1441 (b)(1).

"Jurisdictional statutes are to be strictly construed and the burden of proof is upon the plaintiff to affirmatively establish diversity of citizenship." *Vail v. Doe*, 39 F.Supp.2d 477 (D.N.J. March 10, 1999) (internal citation omitted).   Once an action has already been removed, "if…the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the Court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. §1447.  Any doubts in removal jurisdiction are resolved in favor of remand.

3

*Samuel-Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).

It is well established that federal courts have a continuing responsibility to raise the issue of subject matter jurisdiction *sua sponte* whenever it is in question. Fed.R.Civ.P. 12(h)(3). *See also Bracken v. Matgouranis*, 296 F.3d 160, 162 (3d Cir. 2002). Further, a Court shall dismiss an action where it appears that the Court lacks subject matter jurisdiction. Fed.R.Civ.P. 12(h)(3).

The Court finds that this action should be remanded for lack of subject matter jurisdiction. Although the citizenship of Defendant Gonzalez was unknown at the time of removal, this does not make him an unknown party to the litigation. To the contrary, as an original, specifically named party to this litigation, Gonzalez's citizenship must be considered by this Court. Further, the Court finds that, because of his status as an originally named party, Plaintiffs' service of process on Gonzalez subsequent to the action's removal was not intended to defeat diversity jurisdiction. Lastly, there is no evidence tending to show that Gonzalez was not a citizen of New Jersey at the time the complaint was filed, despite the fact that his location was unknown to Plaintiffs and DMS at the time. *Kaufman,* 561 F.3d at 151. Therefore, because Plaintiffs and Gonzalez are all residents of the State of New Jersey, the Court finds that complete diversity of citizenship does not exist in this matter. Furthermore, the Court finds that there are no further bases for this Court's jurisdiction, and so it shall recommend to the District Court that this action be remanded.

## CONCLUSION

In light of the foregoing, and the Court having considered this matter pursuant to FED.R.CIV.P.78;

IT IS on this 28th day of March, 2014,

RECOMMENDED that this action [Civil Action No. 13-6840] be REMANDED pursuant to Fed.R.Civ.P. 12(h)(3).

Parties are advised that they may file an objection within 14 days of the date of this Order pursuant to FED.R.CIV.P. 72(b)(2).

    s/James B. Clark, III
**HONORABLE JAMES B. CLARK, III**
**UNITED STATES MAGISTRATE JUDGE**